UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCAR TAPIA CARMONA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLOS G. BOLANOS, et al.,<br><br>    Defendants. | Case No. 18-CV-05232-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Plaintiff Oscar Tapia Carmona, an inmate at the Maguire Correctional Facility in San Mateo County, California, brings suit against Defendants Carlos Bolanos, San Mateo County, and Does 1-100 (collectively, "Defendants"). Plaintiff sues Bolanos, San Mateo County Sheriff, as well as Doe Defendants in their official and individual capacities. Plaintiff alleges that he was severely beaten by Deputies at the Maguire Correctional Facility. Before the Court is Defendants' motion to dismiss Plaintiff's *Monell* claim brought under 42 U.S.C. § 1983. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendants' motion to dismiss.

## I. BACKGROUND

### A. Factual Background

On March 28, 2018 at around 11:00 p.m., a Deputy from the San Mateo Sheriff's Office entered Plaintiff's cell and told Plaintiff to take Plaintiff's clothes off. ECF No. 15 (first amended complaint, or "FAC") at ¶ 11. Plaintiff apparently did not understand the Deputy's command because Plaintiff is a native speaker of Spanish and has a limited understanding of English. *Id.* The Deputy left Plaintiff's cell, and a while later, a second Deputy entered Plaintiff's cell and then left. *Id.* at ¶ 12. As the Deputies were arriving and leaving, Plaintiff remained on his bed. *Id.* at ¶ 13. At approximately 2:00 a.m., 4 Deputies and a trainee Deputy stood at Plaintiff's cell door. *Id.* at ¶ 14. These Deputies and the trainee Deputy shut off the lights, opened Plaintiff's cell, entered Plaintiff's cell, and began to "violently and unnecessarily assault Plaintiff." *Id.* at ¶ 15.

The FAC now becomes somewhat vague as to the timing of the sequence of events. For instance, the FAC alleges that "this violent and unnecessary assault continued for what seemed like forty-five minutes." *Id.* at ¶ 16. The FAC also alleges that "about thirty minutes after the initial raiding, twenty more . . . Deputies showed up at Plaintiff's cell and a camera was brought in." *Id.* at ¶ 18. "Forty-five minutes after the initial raiding," Plaintiff's waist and hands were shackled, and Plaintiff was allegedly brought out of his cell naked and was forced to walk in plain view of other inmates housed in the same pod in which Plaintiff was also housed. *Id.* Plaintiff was brought to a chair within the pod. Plaintiff was then allegedly punched in the head by a Deputy and thrown to the floor by around six other Deputies, who began jumping on Plaintiff. *Id.* at ¶ 19.

Eventually, medical personnel were called to the pod to attend to Plaintiff. *Id.* at ¶ 20. Deputies allegedly told the medical personnel that Plaintiff needed to simply be "bandaged up." *Id.* However, the medical personnel recognized that Plaintiff was more seriously injured than the Deputies had acknowledged, and gave Plaintiff immediate medical attention. *Id.* at ¶ 21. Plaintiff had to undergo surgery for a broken left arm, and was informed that he may "never recover full mobility and will have to undergo additional surgeries." *Id.*

**B. Procedural History**

On August 27, 2018, Plaintiff filed a *pro se* complaint against "San Mateo County Sheriffs Officers Does 1-99." ECF No. 1 at 1. On November 29, 2019, the Court granted Plaintiff leave to

2

Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

1  proceed *in forma pauperis*. ECF No. 13. Also on November 29, 2019, the Court dismissed the
2  complaint with leave to amend because Plaintiff failed to name an appropriate defendant for
3  service. ECF No. 12. Plaintiff obtained counsel, who entered an appearance on December 12,
4  2018. ECF No. 14. On December 27, 2018, Plaintiff (through counsel) filed a first amended
5  complaint. ECF No. 15 ("FAC").

On February 27, 2019, Defendants filed the instant motion to dismiss Plaintiff's *Monell* claim under 42 U.S.C. § 1983. ECF No. 20 ("Mot."). On March 13, 2019, Plaintiff filed an opposition. ECF No. 22 ("Opp."). On March 19, 2019, Defendants filed a reply. ECF No. 23 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff's FAC asserts 6 causes of action. Defendants' motion to dismiss seeks to dismiss only one of them: Plaintiff's fifth cause of action, a *Monell* claim brought under 42 U.S.C. § 1983

3

Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

against Defendants San Mateo County, San Mateo County Sheriff Carlos Bolanos, and Doe Defendants. Specifically, Plaintiff alleges that Defendants are liable under *Monell* for depriving Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution. FAC at ¶ 45.

Defendants argue that Plaintiff has failed to state a viable cause of action because Plaintiff's FAC fails to comply with the pleading principles set forth in *Twombly* and *Iqbal*. Mot. at 4. Plaintiff argues that a "relaxed pleading standard" applies here because "Plaintiff alleges facts based on 'information and belief.'" Opp. at 7.

Courts have acknowledged that after the United States Supreme Court's decisions in *Twombly* and *Iqbal*, the prior Ninth Circuit pleading standard for *Monell* claims is no longer valid. *See, e.g.*, *Canas v. City of Sunnyvale*, 2011 WL 1743910, at *5 (N.D. Cal. Jan. 19, 2011) ("holding that cases that applied the Ninth Circuit's "bare allegation" standard "no longer are controlling in the post-*Iqbal*/*Twombly* era); *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009) ("In light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable.").

The Ninth Circuit has squarely addressed the Federal Rule of Civil Procedure 8 pleading standard for *Monell* claims post-*Twombly* and *Iqbal*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 566 U.S. 982. In sum, *Starr* holds that to meet Rule 8's pleading standard, allegations cannot merely state the elements of a cause of action, and that factual allegations must plausibly suggest an entitlement to relief. *Id.* Thus, Plaintiff's assertion that a relaxed pleading standard applies here contravenes established Ninth Circuit precedent, which acknowledges the impact of *Twombly* and *Iqbal* on the ability to plead a

4

viable *Monell* claim.

The Court addresses Plaintiff's *Monell* claims under 42 U.S.C. § 1983 in the following order: against San Mateo County, then against Sheriff Bolanos, and finally against Doe Defendants.

### A. San Mateo County

"A *Monell* claim for § 1983 liability against a public entity may be stated in one of three circumstances—(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cty.*, 2013 WL 5422947, at *7 (N.D. Cal. Sept. 27, 2013) (citing *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010)).

Here, Plaintiff vaguely alleges that "the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant COUNTY and are tantamount to a custom, policy or repeated practice of condoning and tacityl [sic] encouraging the abuse of police authority on inmates under their custody." FAC at ¶ 41. Plaintiff also alleges that there were "customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of inmates." *Id.* at ¶ 44. However, Plaintiff's assertions lack factual allegations that would separate them from the "formulaic recitation of a cause of action's elements" considered insufficient in *Twombly*. 550 U.S. at 555.

In a similar case, the Ninth Circuit found as inadequate pleadings that "lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the [defendant] or that the custom or practice was the 'moving force' behind [plaintiff's] constitutional deprivation." *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011).

5

Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

"Practice or custom means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1235 (9th Cir. 2011). Here, like in *Dougherty*, Plaintiff fails to allege any facts that show that the alleged customs were the official, established customs constituting a standard operating procedure of San Mateo County. Plaintiff merely alleges the existence of purportedly unconstitutional customs.

Likewise, in *White v. County of Los Angeles*, the plaintiff claimed that it was Los Angeles County's custom to, *inter alia*, refuse to "supervise, reprimand, and/or discipline law enforcement officers/deputies who engage in misconduct." 2011 WL 13127545, at *3 (C.D. Cal. Apr. 14, 2011). However, the *White* court rejected plaintiff's claim as conclusory because the plaintiff "alleges no facts showing that the County actually has any such policies, practices, or customs." *Id.*; *see also Duenas v. Cty. of Imperial*, 2015 WL 12656291, at *4 (S.D. Cal. Mar. 9, 2015) (holding that a complaint "falls short of the requirements for pleading a *Monell* claim" because plaintiffs set forth a speculative list of various policies but no "allegations of underlying facts"). Indeed, here, the FAC alleges a veritable laundry list of customs such as failing to "adequately or appropriately hold officers accountable for their misconduct" or failing to "adequately or appropriately hold officers accountable for their conduct." FAC at ¶ 44. However, Plaintiff's allegations regarding the purported customs established by San Mateo County are wholly conclusory. Plaintiff's laundry list of purported customs is not buttressed by any allegations of fact showing that the alleged customs are in fact San Mateo County's established customs. Thus, like in *Duenas*, where the plaintiffs allege a "speculative list of various policies" but no allegations of underlying facts, 2015 WL 12656291, at *4, Plaintiff's allegations do not meet Rule 8's pleading standard because the allegations regarding the purported policies of San Mateo County are unsupported by any factual pleadings.

In sum, Plaintiff has failed to adequately plead that San Mateo County violated his constitutional rights. The Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim brought under § 1983 as to San Mateo County. Because granting Plaintiff an additional

6

Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

1 opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice

2 Defendants, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See*

3 *Leadsinger, Inc.*, 512 F.3d at 532.

### B. San Mateo County Sheriff Carlos Bolanos

Plaintiff also brings a *Monell* claim under § 1983 against San Mateo County Sheriff Bolanos in his official and individual capacities. FAC at ¶ 5. The Court first discusses the suit against Sheriff Bolanos in his official capacity, and then discusses the suit against Sheriff Bolanos in his individual capacity.

#### 1. Suit against Sheriff Bolanos in his Official Capacity

With regard to Sheriff Bolanos in his official capacity, the Ninth Circuit has held that § 1983 claims "against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002). Thus, Plaintiff's claim against Sheriff Bolanos in his official capacity is subsumed by Plaintiff's *Monell* claim under § 1983 against San Mateo County, the governmental employer. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim under § 1983 against Sheriff Bolanos in his official capacity. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Factual amendment of Plaintiff's claims would be futile because a suit against Sheriff Bolanos in his official capacity would always be a suit against San Mateo County. Also, it would unduly prejudice Defendants to litigate a claim that fails as a matter of law. Therefore, leave to amend is DENIED.

#### 2. Suit against Sheriff Bolanos in his Individual Capacity

With regard to Sheriff Bolanos in his individual capacity, Plaintiff may be able to state a *Monell* claim under § 1983 because the Ninth Circuit has "long permitted plaintiffs to hold supervisors individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them." *Starr*, 652 F.3d at 1205. In order to state a *Monell* claim under § 1983 against a supervisor, the supervisor "need not be directly and personally involved in the same way as are

7

Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

the individual officers who are on the scene inflicting constitutional injury." *Id.* (internal quotation marks omitted). Rather, a supervisor's liability arises from the supervisor's "own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205-06.

However, Plaintiff does not allege that Sheriff Bolanos' "own action or inaction in the training supervision, or control of his subordinates" resulted in the alleged attack and Plaintiff's injuries. *Id.* Nor does Plaintiff allege that Sheriff Bolanos acquiesced to the "constitutional deprivations of which the complaint is made." *Id.*

The full extent of Plaintiff's allegations against Sheriff Bolanos consists of allegations that "the acts and/or omissions herein are the proximate results of a custom, policy, pattern or practice of *deliberate indifference* by Defendants COUNTY, BOLANOS, and DOES 51-100 and/or each of them." FAC at ¶ 42 (emphasis added). However, "[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet Rule 8's requirement that "a short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations lump all 3 types of Defendants (San Mateo County, Sheriff Bolanos, and Doe Defendants) together, and fail to distinguish between the actions of the different Defendants. Thus, not only is it unclear which Defendant is being accused of a particular wrongdoing, the allegations are regurgitations of the elements of a *Monell* cause of action. Moreover, Plaintiff concludes, without any factual basis, that "the acts and/or omissions alleged herein are the proximate results of a custom, policy, pattern or practice of deliberate indifference by Defendants." FAC at ¶ 42. As such, the allegations are unable to meet Rule 8's pleading standard.

In addition, as discussed above, "conduct that showed a reckless or callous indifference to the rights of others" can give rise to a *Monell* cause of action against a supervisor like Sheriff Bolanos. *Starr*, 652 F.3d at 1205-06. But here, the FAC accuses Sheriff Bolanos of deliberate indifference without any supporting factual claims that Sheriff Bolanos ever acted in a way that

8

Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

1   evinced deliberate indifference, or as *Starr* phrased it, callous indifference. Rule 8 requires a

2   plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550

3   U.S. at 570. Therefore, the FAC's deliberate indifference allegations against Sheriff Bolanos fails

4   to meet Rule 8's pleading standard because the allegations lack a factual foundation.

In sum, Plaintiff has failed to adequately plead that Sheriff Bolanos violated Plaintiff's constitutional rights. The Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim under § 1983 as to Sheriff Bolanos in his individual capacity. Because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### C. Doe Defendants

Plaintiff has brought suit against Doe Defendants in their official capacities as sheriff deputies as well as their individual capacities. FAC at ¶ 9. The Court first discusses the suit against Doe Defendants in their official capacity, and then discusses the suit against Doe Defendants in their individual capacity.

#### 1. Suit against Doe Defendants in their Official Capacity

As aforementioned, § 1983 claims "against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler* 281 F.3d at 1023; *see also Hill v. Baca*, 2010 WL 1727655, at *5 (C.D. Cal. Apr. 26, 2010) ("Official-capacity damages claims against individual municipal officers are claims against the municipality itself."). Thus, Plaintiff's claim against Doe Defendants in their official capacity is subsumed by Plaintiff's *Monell* claim under § 1983 against San Mateo County. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim under § 1983 against Doe Defendants in their official capacity. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Factual amendment of Plaintiff's claims would be futile because a suit against Doe Defendants in their official capacity would always be a suit against San Mateo County. Also, it would unduly

9

1 prejudice Defendants to litigate a claim that fails as a matter of law. Therefore, leave to amend is
2 DENIED.

### 2. Suit against Doe Defendants in their Individual Capacity

On the other hand, Doe Defendants may be sued in an individual capacity. "§ 1983 allows suits against state officers in their individual capacities for acts they took in their official capacities." *Thompson v. University Medical Ctr.*, 2009 WL 424167, at *3 (D. Nev. Feb. 18, 2009) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). To state a *Monell* claim "under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Howard v. Dalisay*, 2013 WL 5645193, at *5 (N.D. Cal. Oct. 16, 2013) (citing *Plumeau v. School Dist. # 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

As discussed above, "[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet Rule 8's requirement that "a short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. The FAC fails to allege facts supporting the notion that Doe Defendants "committed the alleged constitutional violation[s] under a formal governmental policy." *Howard*, 2013 WL 5645193, at *5. Instead, Plaintiff asserts a laundry list of alleged customs, but courts have rejected attempts to allege the existence of such customs if a plaintiff "alleges no facts showing that the County actually has any such policies, practices, or customs." *White*, 2011 WL 13127545, at *3. Here, Plaintiff fails to allege any facts supporting the notion that San Mateo County had any such customs. Instead, Plaintiff's allegations consist of recitations of the elements of a *Monell* cause of action. *See, e.g.*, FAC at ¶ 43 ("[T]he acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern, or practice of deliberate indifference by Defendants COUNTY, BOLANOS and DOES 51-100 . . . ."). Thus, Plaintiff's allegations fail to meet Rule 8's pleading standard.

10
Case No. 18-CV-05232-LHK
ORDER GRANTING MOTION TO DISMISS

In sum, Plaintiff has failed to adequately plead that there was a county custom that Doe Defendants followed in committing the alleged constitutional violations. The Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim under § 1983 as to Doe Defendants. Because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss without prejudice with respect to:

1.  Plaintiff's *Monell* claim under § 1983 as to San Mateo County;
2.  Plaintiff's *Monell* claim under § 1983 as to Sheriff Bolanos in his individual capacity;
3.  Plaintiff's *Monell* claim under § 1983 as to Doe Defendants in their individual capacity.

The Court GRANTS the motion to dismiss with prejudice with respect to:

4.  Plaintiff's *Monell* claim under § 1983 as to Sheriff Bolanos in his official capacity;
5.  Plaintiff's *Monell* claim under § 1983 as to Doe Defendants in their official capacity.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within 30 days. Failure to file an amended complaint within 30 days or failure to cure the deficiencies identified in this order or in Defendants' briefs will result in dismissal with prejudice of the claims dismissed in this order. Plaintiff may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: May 23, 2019

_____
LUCY H. KOH
United States District Judge