UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCAR TAPIA CARMONA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO; CARLOS G. BOLANOS; and DOES 1-100,<br><br>Defendants. | Case No. 18-CV-05232-LHK<br><br>**ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 29 |

The Second Amended Complaint of Plaintiff Oscar Tapia Carmona, an inmate at the Maguire Correctional Facility in San Mateo County, California, sues Defendants Sheriff Carlos Bolanos ("Sheriff Bolanos"); San Mateo County ("the County"); and Doe Deputies 1-100 ("Doe Defendants") (collectively, "Defendants"). Before the Court is Defendants' motion to dismiss Plaintiff's *Monell* claim brought under 42 U.S.C. § 1983 against Defendants, as well as Plaintiff's remaining five causes of action but only as to Sheriff Bolanos. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendants' motion to dismiss with prejudice as to Plaintiff's *Monell* claim against Defendants, but DENIES Defendants' motion to dismiss the remaining claims against Sheriff Bolanos.

**I.     BACKGROUND**

1
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS

### A. Factual Background

As alleged in the Second Amended Complaint ("SAC"), on March 28, 2018 at approximately 11:00 p.m., an unidentified Deputy from the San Mateo County Sheriff's Office entered Plaintiff's cell and directed Plaintiff to remove his clothes. ECF No. 28 ¶ 11. Plaintiff, a native speaker of Spanish with a limited command of English, did not understand the Deputy's instruction. *Id.* The Deputy left Plaintiff's cell, and a while later, a second unidentified Deputy entered Plaintiff's cell before also leaving without incident. *Id.* ¶ 12. As the Deputies were arriving and leaving, Plaintiff remained on his bed. *Id.* ¶ 13. Around 2:00 a.m., four Deputies—all "yet-to-be-identified"—and a trainee Deputy stood at Plaintiff's cell door, shut off the lights, opened Plaintiff's cell, entered Plaintiff's cell, and began to "violently and unnecessarily assault Plaintiff." *Id.* ¶¶ 14-15. The SAC concedes that Plaintiff did not recognize any of these deputies, but claims that "[o]n information and belief, Defendant BOLANOS participated in the violent assault of Plaintiff." *Id.* ¶ 15.

The SAC alleges that "this violent and unnecessary assault continued for what seemed like forty-five minutes" and that "about thirty minutes after the initial raiding, twenty more . . . Deputies showed up at Plaintiff's cell and a camera was brought in." *Id.* ¶¶ 16, 18. "Forty-five minutes after the initial raiding," Plaintiff's waist and hands were shackled, and Plaintiff was allegedly brought out of his cell naked. *Id.* ¶ 18. Plaintiff was forced to walk in plain view of other inmates and was brought to a chair within the pod. *Id.* Plaintiff was then allegedly punched in the head by a Deputy and thrown to the floor by around six other unidentified Deputies, who began jumping on Plaintiff. *Id.* ¶ 19.

Eventually, medical personnel were called to the pod to attend to Plaintiff. *Id.* ¶ 20. Deputies allegedly told the medical personnel that Plaintiff simply needed to be "bandaged up." *Id.* Medical personnel, however, recognized that Plaintiff was seriously injured and gave Plaintiff immediate medical attention. *Id.* ¶ 21. Plaintiff underwent surgery for a broken left arm and was informed that he may "never recover full mobility and will have to undergo additional surgeries." *Id.*

2

### B. Procedural History

On August 27, 2018, Plaintiff filed a *pro se* complaint against San Mateo County Sheriff Officers Does 1-99. ECF No. 1 at 1. On November 29, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis*, ECF No. 13, but dismissed the complaint with leave to amend because Plaintiff failed to name an appropriate defendant for service, ECF No. 12.

Plaintiff obtained counsel, who entered an appearance on December 12, 2018. ECF No. 14. On December 27, 2018, Plaintiff (through counsel) filed a First Amended Complaint against Sheriff Bolanos, the County, and Doe Defendants. ECF No. 15 ("FAC"). The FAC alleged six causes of action: (1) violations of the Fourth and Fourteenth Amendments of the United States Constitution; (2) intentional infliction of emotional distress; (3) assault and battery; (4) negligence; (5) a *Monell* claim; and (6) a violation of California Civil Code § 52.1. *Id.* ¶¶ 26-52. Plaintiff asserted his fifth cause of action (the *Monell* claim) against all Defendants, but asserted his remaining causes of action against only Doe Defendants. *Id.*

On February 27, 2019, Defendants filed a motion to dismiss Plaintiff's fifth cause of action (the *Monell* claim). ECF No. 20. On March 13, 2019, Plaintiff filed an opposition. ECF No. 22. On March 19, 2019, Defendants filed a reply. ECF No. 23. On May 23, 2019, the Court held that "the allegations regarding the purported policies of San Mateo County are unsupported by any factual pleadings." ECF No. 27 at 6. The Court dismissed the *Monell* claim against the County with leave to amend. *Id.* at 6-7.

The Court also dismissed with prejudice the *Monell* claim against Sheriff Bolanos and Doe Defendants in their official capacity because Plaintiff's claims against these defendants in their official capacity were "subsumed by Plaintiff's *Monell* claim under § 1983 against San Mateo County, the governmental employer." *Id.* at 7, 9-10. Finally, the Court dismissed Plaintiff's *Monell* claim against Sheriff Bolanos and Doe Defendants in their individual capacity without prejudice because the allegations were "[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 8, 10-11. The Court directed Plaintiff to file an amended complaint within 30 days curing the identified deficiencies and prohibited

1  Plaintiff from adding new causes of actions or parties without leave of the Court or stipulation of
2  the parties. *Id.* at 11.

3  On June 24, 2019, Plaintiff filed the SAC. ECF No. 28. The SAC only included one
4  additional allegation not present in the FAC. Plaintiff alleged that "[o]n information and belief,
5  Defendant BOLANOS participated in the violent assault of Plaintiff." *Id.* ¶ 15. At the same time,
6  the SAC continued to allege that Plaintiff could not recognize or identify any of the deputies who
7  allegedly attacked him. SAC ¶¶ 11-19. The SAC also added Sheriff Bolanos as a defendant to the
8  remaining five causes of action. The County, Sheriff Bolanos, and Doe Defendants remained as
9  defendants as to the *Monell* claim, the fifth cause of action.

10  Despite this Court's order dismissing with prejudice the *Monell* claim against Sheriff
11  Bolanos and Doe Defendants in their official capacity, the *Monell* claim in Plaintiff's SAC sued
12  both Sheriff Bolanos and Doe Defendants in their official capacity again. SAC ¶ 5 (Bolanos "is
13  sued individually and in his official capacity"); SAC ¶ 41 (asserts fifth cause of action (the *Monell*
14  claim) against the County, Bolanos, and Does 51-100 "individually and/or in their capacities as
15  official policy-maker(s) for COUNTY OF SAN MATEO, including the San Mateo Sheriff's
16  Office"). The Court strikes this language in the SAC that violates the Court's prior order and
17  admonishes Plaintiff that future violations of Court orders may result in sanctions.

18  On July 1, 2019, Defendants filed a motion to dismiss Plaintiff's *Monell* claim as to all
19  Defendants and the remaining five causes of action as to Sheriff Bolanos. ECF No. 29 ("Mot.").
20  On July 15, 2019, Plaintiff filed an opposition. ECF No. 30 ("Opp."). On July 22, 2019,
21  Defendants filed a reply. ECF No. 31 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff

to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir.2008). The Court, however, need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). At the same time, a court is justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

### III. DISCUSSION

The SAC asserted the same six causes of action as the FAC: (1) violations of the Fourth and Fourteenth Amendments of the United States Constitution; (2) intentional infliction of emotional distress; (3) assault and battery; (4) negligence; (5) a *Monell* claim; and (6) a violation of California Civil Code § 52.1. SAC ¶¶ 26-52. Defendants Sheriff Carlos Bolanos ("Sheriff

5
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS

Bolanos"); San Mateo County ("the County"); and Doe Deputies 1-100 ("Doe Defendants") (collectively, "Defendants") move to dismiss Plaintiff's fifth cause of action (the *Monell* claim) against Defendants. Defendants also move to dismiss the remaining five causes of action, but only as to Sheriff Bolanos.

The Court first addresses Plaintiff's *Monell* claim against the County, Sheriff Bolanos, and Doe Defendants and then analyzes Plaintiff's remaining causes of action against Sheriff Bolanos.

### A. Fifth Cause of Action (the *Monell* Claim)

The Court begins by noting that Plaintiff makes a threshold argument that a "relaxed pleading standard" applies to Plaintiff's *Monell* claim because "Plaintiff alleges facts based on 'information and belief.'" Opp. at 8-9. This argument, however, was thoroughly analyzed and rejected in the Court's previous order. ECF No. 27 at 4-5. Indeed, Plaintiff's arguments here are near-verbatim to those raised and rejected in the prior round of briefing. *Compare* Opp. at 8-9, *with* ECF No. 22 at 7. The arguments are equally meritless here, as the Ninth Circuit has squarely addressed the pleading requirements for *Monell* claims in the wake of *Twombly* and *Iqbal*. The Ninth Circuit has held that allegations cannot merely state the elements of a cause of action and that instead, factual allegations must plausibly suggest an entitlement to relief. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (noting that *Twombly* and *Iqbal* "appl[y] to *Monell* claims and should govern future pleadings"); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 566 U.S. 982 (holding "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action" and that "factual allegations that are taken as true must plausibly suggest an entitlement to relief").

Numerous districts courts in the Ninth Circuit have also acknowledged as much and held that previous decisions authorizing a lower pleading standard for *Monell* claims are no longer valid after *Twombly* and *Iqbal*. *See, e.g.*, *Canas v. City of Sunnyvale*, 2011 WL 1743910, at *5 (N.D. Cal. Jan. 19, 2011) (holding that cases that applied the Ninth Circuit's "bare allegation" standard "no longer are controlling in the post-*Iqbal*/*Twombly* era"); *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009) ("In light of *Iqbal*, it would seem that the prior Ninth

6

Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable.").

Accordingly, Plaintiff's assertion that a relaxed pleading standard applies here contravenes established Ninth Circuit precedent, which acknowledges the impact of *Twombly* and *Iqbal* on the ability to plead a viable *Monell* claim.

Having determined that *Twombly* and *Iqbal* fully apply to the case at hand, the Court now turns to the substance of Plaintiff's *Monell* claim.

### 1. The County

It is well-established that a local government may not be sued under a theory of vicarious liability for injuries inflicted by its employees or agents. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, under *Monell*, a municipality may only be held liable under § 1983 when "(1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). "Additionally, in 'limited circumstances,' the failure to train municipal employees can serve as the policy underlying a *Monell* claim." *Inman v. Anderson*, 294 F. Supp. 3d 907, 920 (N.D. Cal. 2018) (quoting *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).

Furthermore, "a plaintiff must demonstrate that the government's official policy or custom was the 'moving force' responsible for the infliction of the plaintiff's injuries." *Id*. (quoting *Monell*, 436 U.S. at 694). "A policy or custom is considered a 'moving force' behind a constitutional violation if both causation-in-fact and proximate causation can be established." *Id*. (quotation omitted).

Here, Plaintiff's *Monell* claim against the County runs headlong into the identical problems previously recognized in the Court's prior order. *See* ECF No. 27 at 5-7. Again, Plaintiff vaguely alleges that "the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant COUNTY and are

tantamount to a custom, policy or repeated practice of condoning and tacityl [sic] encouraging the abuse of police authority on inmates under their custody." SAC ¶ 41. Plaintiff also alleges that there were "customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of inmates." *Id.* ¶ 44.

Plaintiff's *Monell* claim against the County fails because Plaintiff has not adequately alleged that "the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *See Price*, 513 F.3d at 966. Although Plaintiff must identify the "specific nature" of the challenged custom or policy, *AE*, 666 F.3d at 637, Plaintiff's assertions lack factual allegations that would distinguish them from the "formulaic recitation of a cause of action's elements" considered insufficient in *Twombly*, *see* 550 U.S. at 555. In a similar case, the Ninth Circuit found as inadequate pleadings that "lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the [defendant] or that the custom or practice was the 'moving force' behind [plaintiff's] constitutional deprivation." *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011). "Practice or custom means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1235 (9th Cir. 2011). Here, as in *Dougherty*, Plaintiff fails to allege any facts that show that the alleged customs were the official, established customs constituting a standard operating procedure of the County.

Likewise, in *White v. County of Los Angeles*, the plaintiff claimed that it was Los Angeles County's custom to, *inter alia*, refuse to "supervise, reprimand, and/or discipline law enforcement officers/deputies who engage in misconduct." 2011 WL 13127545, at *3 (C.D. Cal. Apr. 14, 2011). However, the *White* court rejected plaintiff's claim as conclusory because the plaintiff

8
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS

"allege[d] no facts showing that the County actually ha[d] any such policies, practices, or customs." *Id.*; *see also Duenas v. Cty. of Imperial*, 2015 WL 12656291, at *4 (S.D. Cal. Mar. 9, 2015) (holding that a complaint "falls short of the requirements for pleading a *Monell* claim" because plaintiffs set forth a speculative list of various policies but no "allegations of underlying facts").

Indeed, here, the SAC alleged a veritable laundry list of customs such as "the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of inmates." SAC ¶ 44. However, Plaintiff's allegations regarding the purported customs established by the County are wholly conclusory. Plaintiff's laundry list of purported customs is not buttressed by any allegations of fact showing that the alleged customs are in fact the County's established customs. Thus, like in *Duenas*, where the plaintiffs allege a "speculative list of various policies" but no allegations of underlying facts, 2015 WL 12656291, at *4, Plaintiff's allegations cannot survive a Rule 12(b)(6) motion because the allegations regarding the purported policies of the County are unsupported by any factual pleadings. *See also Mendy v. City of Fremont*, 2014 WL 574599, at *3 (N.D. Cal. Feb. 12, 2014) (dismissing municipal liability claim based on unsupported allegation of an "informal custom or policy that tolerates and promotes the continued use of excessive force and cruel and unusual punishment against and violation of civil rights of citizens by City police officers in the manner alleged [elsewhere in the complaint]"); *Mateos-Sandoval v. Cty of Sonoma*, 942 F. Supp. 2d 890, 899 (N.D. Cal. 2013) (requiring the complaint to "specify the content of the policies, customs, or practices the execution of which gave rise to Plaintiffs' constitutional injuries").

In sum, Plaintiff has failed to adequately plead that the County violated his constitutional rights. The Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim brought under § 1983 as to the County with prejudice. Leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause

undue delay, or be futile. *See Leadsinger*, 512 F.3d at 532. The Court previously granted Defendants' motion to dismiss on this exact claim, and the Court instructed the Plaintiff that "failure to cure the deficiencies identified in this order or in Defendants' briefs will result in dismissal with prejudice of the claims dismissed in this order." ECF No. 27 at 11. After this dismissal, Plaintiff filed an almost identical SAC and motion to dismiss opposition. *Compare* FAC, *with* SAC; *compare* Opp. at 8-9, *with* ECF No. 22 at 7. Because the SAC still fails to adequately allege a claim against the County, the Court concludes that granting further leave to amend would be futile and unduly prejudice the Defendants. *See Carvalho*, 629 F.3d at 892 (explaining "repeated failure to cure deficiencies by amendments previously allowed" justifies denying leave to amend); *see also Allen v. City of Beverly Hill*s, 911 F.2d 367, 373-74 (9th Cir. 1990) (affirming a district court's denial of leave to amend where plaintiff had previous opportunities to cure defects). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's *Monell* claim against the County with prejudice.

**2. Sheriff Bolanos**

In its previous order, the Court granted with prejudice Defendants' motion to dismiss Plaintiff's *Monell* claim against Sheriff Bolanos in his official capacity because the "Ninth Circuit has held that § 1983 claims 'against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded.'" ECF No. 27 at 7 (quoting *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002)).

Despite this Court's order dismissing with prejudice the *Monell* claim against Sheriff Bolanos in his official capacity, the *Monell* claim in Plaintiff's SAC sued Sheriff Bolanos in his official capacity again. SAC ¶ 5 (Bolanos "is sued individually and in his official capacity"); SAC ¶ 41 (asserts fifth cause of action (the *Monell* claim) against the County, Bolanos, and Does 51-100 "individually and/or in their capacities as official policy-maker(s) for COUNTY OF SAN MATEO, including the San Mateo Sheriff's Office"). The Court strikes this language in the SAC that violates the Court's prior order and admonishes Plaintiff that future violations of Court orders may result in sanctions.

As a result, only Plaintiff's *Monell* claim against Sheriff Bolanos in his individual capacity is before the Court.

Plaintiff's *Monell* claim against Sheriff Bolanos in his individual capacity is best construed as a claim for supervisory liability for deliberate indifference. *See* ECF No. 27 at 7-8; *Starr*, 652 F.3d at 1205-06. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[1] *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (quotation marks omitted). Supervisory liability is liability whereby plaintiffs can attempt to "hold supervisors individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them." *Starr*, 652 F.3d at 1205. Supervisory liability does not require that a supervisor "be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Id.* (internal quotation marks omitted). Rather, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quotation marks omitted). Plaintiff alleges that "the acts and/or omissions herein are the proximate results of a custom, policy, pattern or practice of *deliberate indifference* by Defendants COUNTY, BOLANOS, and DOES 51-100 and/or each of them." SAC ¶ 43 (emphasis added).

At the outset, the Court notes that Plaintiff abandoned his *Monell* claim against Sheriff Bolanos. In their motion to dismiss, Defendants moved to dismiss the *Monell* claim "as to all Defendants." *See* Mot. Plaintiff's opposition to the motion to dismiss never mentions the *Monell* claim against Sheriff Bolanos. *See* Opp. at 8-9. It references the five other causes of action as to Sheriff Bolanos, *see id.* at 10, but only refers to the County in relation to the *Monell* claim, *see id.*

---

[1] Plaintiff also brings a claim against Sheriff Bolanos for his direct participation—*i.e.*, his "personal involvement"—in the alleged attack. That claim is brought in the first cause of action for violations of the Fourth and Fourteenth Amendments. SAC ¶¶ 26-30.

11
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS

at 8-9. When a plaintiff fails to argue in support of a cause of action in opposition to a defendant's motion, that claim is abandoned. *See Campbell v. Feld Entm't, Inc.*, 75 F. Supp. 3d 1193, 1204 (N.D. Cal. 2014) (finding claims abandoned when Plaintiffs did not raise them in opposition to a motion for summary judgment); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (same).

Nonetheless, even if Plaintiff did not abandon the *Monell* claim against Sheriff Bolanos, that claim still fails. Plaintiff alleges that the purported customs established by the County are also Sheriff Bolanos's customs and that these customs proximately caused the alleged attack. SAC ¶ 43-45. As discussed previously, however, those customs are wholly conclusory and are not buttressed by any allegations of fact. *Starr v. Alameda Cty.*, 2015 WL 581333, at *7-8 (N.D. Cal. Feb. 11, 2015) (granting summary judgment on a supervisory-liability claim because there were no allegations or evidence of a deficient policy or custom); *Duenas*, 2015 WL 12656291, at *4 (dismissing claim based on allegations of a "speculative list of various policies" without allegations of underlying facts).

Indeed, the SAC does not "specify the content of the policies, customs, or practices the execution of which gave rise to [Plaintiff's] constitutional injuries." *Sandoval*, 942 F. Supp. 2d at 89; *Mendy*, 2014 WL 574599, at *3 (dismissing claims based on unsupported allegation of an "informal custom or policy that tolerates and promotes the continued use of excessive force and cruel and unusual punishment against and violation of civil rights of citizens by City police officers in the manner alleged [elsewhere in the complaint]"). Therefore, Plaintiff's *Monell* claim against Sheriff Bolanos cannot survive a motion to dismiss.

Unlike *Starr v. Baca*, where the Ninth Circuit held that a supervisor could be held liable for the culpable acts of subordinates because the supervisor had knowledge of prior, specific incidents and had the ability to protect inmates, Plaintiff does not "specifically alleg[e] numerous incidents" of unconstitutional conduct by subordinates or that Sheriff Bolanos was "specifically . . . given notice of all of these incidents," including specific allegations of "systematic problems in the [jail] under his supervision." *See* 652 F.3d at 1208, 1216.

12
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS

As a result, Plaintiff has failed to allege that Sheriff Bolanos implemented a policy, practice, or custom "so deficient that the policy itself [was] a repudiation of constitutional rights and [was] the moving force of the constitutional violation." *See Hansen*, 885 F.2d at 646 (quotation marks omitted).

In sum, Plaintiff's *Monell* claim against Sheriff Bolanos cannot proceed. Plaintiff abandoned the claim by not opposing Defendants' motion to dismiss, and even if Plaintiff did not abandon the claim, the SAC failed to adequately plead a custom, policy, or practice that violated Plaintiff's constitutional rights. Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's *Monell* claim against Sheriff Bolanos with prejudice. Leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *See Leadsinger*, 512 F.3d at 532. The Court previously granted Defendants' motion to dismiss on this exact claim, and the Court instructed the Plaintiff that "failure to cure the deficiencies identified in this order or in Defendants' briefs will result in dismissal with prejudice of the claims dismissed in this order." ECF No. 27 at 11. After this dismissal, Plaintiff filed an almost identical SAC and motion to dismiss opposition. *Compare* FAC, *with* SAC; *compare* Opp. at 8-9, *with* ECF No. 22 at 7. Because Plaintiff made minimal amendments to the FAC when given the opportunity—and the SAC still fails to adequately allege a *Monell* claim against Sheriff Bolanos—the Court concludes that granting further leave to amend would be futile and unduly prejudice the Defendants. *See Carvalho*, 629 F.3d at 892 (explaining "repeated failure to cure deficiencies by amendments previously allowed" justifies denying leave to amend); *see also Allen*, 911 F.2d at 373-74. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's *Monell* claim against Sheriff Bolanos with prejudice.

### 3. Doe Defendants

As with Sheriff Bolanos, the Court's previous order granted with prejudice Defendants' motion to dismiss Plaintiff's *Monell* claim against Doe Defendants in their official capacity because "§ 1983 claims 'against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded.'" ECF

1 No. 27 at 9 (quoting *Butler*, 281 F.3d at 1023).

2 Despite this Court's order dismissing with prejudice the *Monell* claim against Doe Defendants in their official capacity, the *Monell* claim in Plaintiff's SAC sued Doe Defendants in their official capacity again. SAC ¶ 41 (asserts fifth cause of action (the *Monell* claim) against the County, Bolanos, and Does 51-100 "individually and/or in their capacities as official policy-maker(s) for COUNTY OF SAN MATEO, including the San Mateo Sheriff's Office"). The Court strikes this language in the SAC that violates the Court's prior order and admonishes Plaintiff that future violations of Court orders may result in sanctions.

As a result, only Plaintiff's *Monell* claim against Doe Defendants in their individual capacity remains.

This claim, like Plaintiff's *Monell* claim against Sheriff Bolanos, was abandoned. Defendants moved to dismiss "as to all Defendants" in regards to the *Monell* claim, *see* ECF No. 29, and Plaintiff's opposition to the motion to dismiss never mentions the *Monell* claim against Doe Defendants, *see* ECF No. 30 at 8-9. Again, the opposition to the motion to dismiss only refers to the County in relation to the *Monell* claim. *See id.* The *Monell* claim against Doe Defendants is therefore abandoned. *Campbell*, 75 F. Supp. 3d at 1204; *Jenkins*, 398 F.3d at 1095.

Alternatively, even if the *Monell* claim against Doe Defendants was not abandoned, the Court GRANTS Defendants' motion to dismiss this claim with prejudice. In its prior order, the Court held that this claim included only "[t]hreadbare recitations of the elements of a cause of action" and was "supported by mere conclusory statements." ECF No. 27 at 10 (quotation marks omitted). Plaintiff's only additional allegation involves Sheriff Bolanos, not any Doe Defendants. Because of this, the SAC and the FAC are essentially the same as to Doe Defendants, and thus, the SAC suffers from the same fatal deficiencies identified in the FAC. Plaintiff has failed to cure these deficiencies, and consistent with the Court's prior order, Plaintiff's claim against Doe Defendants is dismissed with prejudice. *Id.* at 11; *Carvalho*, 629 F.3d at 892 (explaining "repeated failure to cure deficiencies by amendments previously allowed" justifies denying leave to amend); *Allen*, 911 F.2d at 373-74. As a result, leave to amend Plaintiff's *Monell* claim against

Doe Defendants is DENIED.

**B. The First, Second, Third, Fourth, and Sixth Causes of Action Against Sheriff Bolanos**

The Court now turns to the remaining causes of action against Sheriff Bolanos. As toسheriff Bolanos, the SAC alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution (first cause of action), intentional infliction of emotional distress (second cause of action), assault and battery (third cause of action), negligence (fourth cause of action), and a violation of California Civil Code § 52.1 (sixth cause of action). These claims, rest on a single statement regarding Sheriff Bolanos's involvement in the alleged attack. Plaintiff pleads that "[o]n information and belief, Defendant BOLANOS participated in the violent assault of Plaintiff." SAC ¶ 15. Plaintiff pleads nothing more in support of this allegation.

Indeed, this allegation about Sheriff Bolanos's participation in the attack is in tension with other allegations in the SAC. Specifically, the SAC alleges on information and belief that Sheriff Bolanos participated in the alleged attack, *id.*, but the SAC simultaneously acknowledges that Plaintiff could not recognize or identify any of the assailants, *id.* ¶¶ 11-19. Courts have held that "[g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." *Desio v. Russell Rd. Food & Beverage, LLC*, 2016 WL 4721099, at *5 (D. Nev. Sept. 9, 2016) (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.").

At the same time, however, at this stage of the proceedings, the Court must "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. 2019) (quoting *Steinle v. City and Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019)). Here, Plaintiff could have further explained why Plaintiff believed Sheriff Bolanos was one of the persons who attacked him. Nonetheless, the allegation involving Sheriff Bolanos is not so inconsistent with the

15
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS

other allegations such that the Court should not take the new allegation into account. Accepting this allegation as true and construing the facts in the light most favorable to Plaintiff, the SAC adequately pleads that Sheriff Bolanos was one of the persons who participated in the alleged attack. *See id.*

Accordingly, the SAC meets Rule 8's pleading standard as to the first, second, third, fourth, and sixth causes of action against Sheriff Bolanos. Therefore, the Court DENIES Defendants' motion to dismiss these claims as to Sheriff Bolanos.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss with prejudice with respect to:

1. Plaintiff's *Monell* claim under § 1983 (fifth cause of action) as to San Mateo County;
2. Plaintiff's *Monell* claim under § 1983 (fifth cause of action) as to Sheriff Bolanos;
3. Plaintiff's *Monell* claim under § 1983 (fifth cause of action) as to Doe Defendants.

For the foregoing reasons, the Court DENIES the motion to dismiss with respect to:

1. Plaintiff's Fourth Amendment and Fourteenth Amendment claim under § 1983 (first cause of action) as to Sheriff Bolanos;
2. Plaintiff's intentional infliction of emotional distress claim (second cause of action) as to Sheriff Bolanos;
3. Plaintiff's assault and battery claim (third cause of action) as to Sheriff Bolanos;
4. Plaintiff's negligence claim (fourth cause of action) as to Sheriff Bolanos;
5. Plaintiff's California Civil Code § 52.1 claim (sixth cause of action) as to Sheriff Bolanos.

**IT IS SO ORDERED.**

Dated: September 12, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

16
Case No. 18-CV-05232-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO DISMISS